**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 98-4805

DWAYNE GRANT, a/k/a "G",
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CR-98-336)

Submitted: August 31, 1999

Decided: September 27, 1999

Before ERVIN,* WILLIAMS, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David A. Bornhorst, North Charleston, South Carolina, for Appellant.
Miller Williams Shealy, Jr., OFFICE OF THE UNITED STATES
ATTORNEY, Charleston, South Carolina, for Appellee.

_____

*Judge Ervin participated in the consideration of this case but died
prior to the time the decision was filed. The decision is filed by a quorum
of the panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Dwayne Grant appeals his conviction entered on his guilty plea to a conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846 (1994). Grant noted a timely appeal and his attorney filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), in which he represents that there are no arguable issues of merit in this appeal. Nonetheless, in his brief, counsel addressed the possibility that the district court erred in calculating Grant's Criminal History Category under the U.S. Sentencing Guidelines and suggests that the record reflects that the district court sustained counsel's objection to the calculation. The time for filing a supplemental brief has passed and Grant has not done so, despite receiving an extension of time in which to do so. Grant's second request for an extension of time in which to file his supplemental brief is denied. Finding no merit to counsel's claims of error, and discovering no other reversible error in our review of the record, we affirm the conviction and sentence.

Grant's counsel suggests that the district court erred by assigning one criminal history point for each of two misdemeanor convictions. To give due deference to a district court's application of the Sentencing Guidelines, this Court reviews factual determinations for clear error and legal questions de novo. See United States v. Blake, 81 F.3d 498, 503 (4th Cir. 1996). Employing this standard, we find that there was no error in the district court's calculation of Grant's Criminal History Category. Similarly, counsel's claim that the district court sustained Grant's objection to the calculation is not borne out by the sentencing transcript or the record on appeal. There is no merit to either of the suggestions of error raised in this appeal.

As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all possible

2

issues presented by this record and conclude that there are no non-frivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by the client to do so, counsel should prepare a timely petition for writ of certiorari, unless counsel believes that such a petition would be frivolous. In that case, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

Grant's conviction and sentence are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3